IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. BAMBERG, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 7650 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| CITY OF EVANSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants in part Defendants' motion to dismiss with prejudice and grants in part Defendants' motion to dismiss without prejudice [13]. The Court grants Plaintiff leave to file an Amended Complaint in accordance with this order. Plaintiff's Amended Complaint is due on or before 5/6/14. Status hearing set for 5/22/14 is stricken and reset to 5/12/14 at 8:30 a.m.

## STATEMENT

On October 24, 2013, Plaintiff John A. Bamberg filed the present seven-count Complaint against Defendants City of Evanston, Evanston police officers Wright and Nieman, and unknown Evanston police officers pursuant to the Court's original and supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1367(a). Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part Defendants' motion to dismiss Counts I, III, and VII with prejudice and grants in part Defendants' motion to dismiss Counts II and IV without prejudice.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013).

"[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses," but "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Independent Trust Corp. v. Stewart Info. Serv. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012).

## BACKGROUND

On or about September 30, 2010, at approximately 10:00 p.m., someone shot and killed Marcus T. Davis while he was parked in his white Lincoln Town Car in Evanston, Illinois. (R. 1, Compl. ¶ 5.) Davis' fiancé, Tawanda Smith, was in the passenger seat of the car during the incident. (*Id.*) At around 10:05 p.m. on that same day, an Evanston police officer, who is not a named Defendant in this lawsuit, arrived at the scene and observed Smith sitting over the top of Davis. (*Id.* ¶ 6.) Another Evanston police officer at the scene observed Smith screaming for help. (*Id.*)

On October 1, 2010, at approximately 12:30 a.m., at Evanston Hospital, Defendant Officers Nieman and Wright showed Smith a photo line-up. (*Id.* ¶ 7.) Defendant Officers did not have Smith circle or initial the results of this line-up and did not follow-up, locate, or question the person Smith originally identified as the shooter. (*Id.* ¶ 8.) Approximately twelve hours after the shooting, Defendant Officers Nieman and Wright showed Smith a second photo line-up at which point Smith identified Plaintiff as the shooter. (*Id.* ¶ 9.) Plaintiff contends that Defendant Officers Wright and Nieman coached and coerced Smith into making this identification. (*Id.*) After the second photo line-up, Smith told friends that she did not know who shot Davis. (*Id.* ¶ 11.) At the grand jury hearing, Smith allegedly testified that when the police arrived on the scene she was screaming and yelling "It was Bird. Bird did it." (*Id.* ¶ 12.) Plaintiff alleges that Defendant Officers never followed up on this or any other leads and failed to investigate other possible suspects. (*Id.* ¶ 15.)

Defendant Officers Wright and Nieman arrested Plaintiff on October 7, 2010. (*Id.* ¶ 16.) On October 10, 2010, Plaintiff was charged with murder and attempted murder. (*Id.* ¶ 17.) Plaintiff alleges that despite contradicting testimony, conflicting facts and statements, and Smith's misidentification of the lineup, Defendants continued to subject him to judicial proceedings without probable cause. (*Id.* ¶ 18.) Plaintiff further alleges that he was detained at the Cook County Department of Corrections for twenty-six months resulting from his false arrest. (*Id.* ¶ 19.) On November 30, 2012, a Circuit Court of Cook County judge acquitted Plaintiff after a three-day bench trial. (*Id.* ¶ 20.)

In his Complaint, Plaintiff alleges the following claims: (1) a Fourth Amendment false arrest claim against Defendant Officers (Count I); (2) a Fourteenth Amendment due process claim against Defendant Officers (Count II); (3) a Section 1983 conspiracy claim against Defendant Officers (Count III); (4) a claim pursuant to *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), against Evanston (Count IV); (5) an indemnification claim against Evanston (Count V); (6) a malicious prosecution claim against Defendant Officers

(Count VI); and (7) an intentional infliction of emotional distress claim against Defendant Officers (Count VII).

In Defendants' motion to dismiss, they seek dismissal of Plaintiff's false arrest, conspiracy, and intentional infliction of emotional distress claims as time-barred. They further seek dismissal of Plaintiff's due process claim and *Monell* claim under the federal pleading standards. Last, Defendants ask the Court to relinquish its supplemental jurisdiction over the remaining state law claim of malicious prosecution.

## ANALYSIS

### I.      Statute of Limitations

#### A.      False Arrest and Conspiracy Claims — Count I and Count III

In Count I, Plaintiff brings a Fourth Amendment false arrest claim and in Count III Plaintiff alleges a Section 1983 conspiracy claim based on his false arrest. Section 1983 lawsuits brought in Illinois have a two-year limitations period. *See Turley v. Rednour,* 729 F.3d 645, 651 (7th Cir. 2013). Moreover, "a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

In his Complaint, Plaintiff alleges that Defendant Officers falsely arrested him on October 7, 2010 and that he was charged with murder and attempted murder on October 10, 2010. Plaintiff also alleges that he was then detained at the Cook County Department of Corrections for twenty-six months. Plaintiff's Fourth Amendment false arrest claim thus accrued on the day he was detained, either October 7, 2010 or October 10, 2010. He filed the present false arrest claims on October 24, 2013. Accordingly, Plaintiff's false arrest claims are untimely by over a year. *See Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009); *Dominguez v. Hendley,* 545 F.3d 585, 589 (7th Cir. 2008).

Plaintiff argues that the statute of limitations is four years under 28 U.S.C. § 1658. Section 1658 is a catch-all statute of limitations that applies to federal statutes enacted after 1990. *See Jones v. R.R. Donnelly & Sons,* 541 U.S. 369, 382, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). Section 1983 was enacted prior to 1990 and the only post 1990 amendment to Section 1983 was in October 1996, which limited injunctive relief against judicial officers. *See Smith v. City of Hammond, Ind.,* 388 F.3d 304, 307 (7th Cir. 2004). Plaintiff's false arrest claims are not based on this amendment, *see also Laurino v. Tate,* 220 F.3d 1213, 1218 (10th Cir. 2000), and thus the Court follows established precedent that a state's limitations period for personal injury claims governs Section 1983 actions accruing within that particular state — which in Illinois is two years. *See Wilson v. Garcia,* 471 U.S. 261, 279-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Woods v. DCFS,* 710 F.3d 762, 768 (7th Cir. 2013); *see also Yaodi Hu v. City of Chicago,* No. 08 C 4108, 2009 WL 635522, at *5 (N.D. Ill. Mar. 12, 2009).

In the alternative, Plaintiff argues that the Court should apply a four-year limitations period pursuant to 42 U.S.C. § 1981. Plaintiff, however, has not brought a claim against Defendant Officers under Section 1981, which protects the rights of all persons to make and enforce contracts regardless of race. *See Smith v. Bray,* 681 F.3d 888, 895 (7th Cir. 2012). Moreover, Plaintiff has failed to cite authority for the proposition that Section 1981's four-year limitations period applies to Fourth Amendment false arrest claims under any set of circumstances — nor has the Court found any.

Further, Plaintiff asserts that Defendants' actions constitute a continuing violation. In particular, he maintains that his false arrest was not a one-time wrongful act, but instead was a continuous action until the Circuit Court of Cook County acquitted him on November 30, 2012. The Supreme Court in *Wallace*, however, "rejected the notion that a false arrest claim was actionable after the statute of limitations had run on the theory that 'it set the wheels in motion'" for the subsequent events. *See Brooks,* 564 F.3d at 832 (quoting *Wallace*, 549 U.S. at 391); *see also Marshall v. Buckley,* 644 F.Supp.2d 1075, 1082 (N.D. Ill. 2009). The *Wallace* Court also rejected equitable tolling arguments under the circumstances. *See id.* at 396 ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.").

Plaintiff also argues that the Court should toll the statute of limitations based on the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Supreme Court's *Wallace* decision, however, made it clear that *Heck* does not apply to Fourth Amendment false arrest claims. As the Seventh Circuit teaches, "[e]ven if no conviction could have been obtained in the absence of the violation, the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit." *Dominguez,* 545 F.3d at 589. As such, Plaintiff's *Heck* argument is misplaced.

Accordingly, Plaintiff's false arrest claim as alleged in Count I and his conspiracy claim based on his false arrest as alleged in Count III are untimely. The Court therefore dismisses Counts I and III with prejudice.

### B. Intentional Infliction of Emotional Distress Claim — Count VII

Next, Defendants move to dismiss Plaintiff's state law intentional infliction of emotional distress ("IIED") claim as time-barred. Pursuant to the Illinois Local Government and Governmental Employees Tort Immunity Act, the limitations period for Plaintiff's IIED claim against Defendant Officers is one year from the time the cause of action accrued. *See* 745 ILCS 10/8–1; *see also Evans v. City of Chicago,* 434 F.3d 916, 934 (7th Cir. 2006), *overruled on other grounds, Hill v. Tangherlini*, 724 F.3d 965, 967-68 (7th Cir. 2013)). Under Illinois law, "a claim of intentional infliction of emotional distress in the course of arrest and prosecution accrues on the date of the arrest." *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013).

Here, Plaintiff alleges that Defendant Officers arrested him on October 7, 2010, and he filed the present lawsuit on October 24, 2013.  Therefore, Plaintiff's IIED claim is untimely by over two years.  Nonetheless, citing to a handful of federal district court cases that are at least ten years old, Plaintiff argues that his claim did not accrue until his state criminal proceedings terminated.  These district court cases are not controlling, especially in light of the Seventh Circuit's 2013 decision that "a claim of intentional infliction of emotional distress in the course of arrest and prosecution accrues on the date of the arrest."  *Bridewell,* 730 F.3d at 678.  Indeed, recent district court case law acknowledges *Bridewell's* holding.  *See, e.g., Cairel v. Alderden,* No. 09 C 1878, 2014 WL 916364, at *10 (N.D. Ill. Mar. 6, 2014).

Further, any argument that Plaintiff's IIED claim is a continuing tort or violation is misplaced in light of the Seventh Circuit's *Bridewell* decision.  *See id.* at 678 ("[t]he idea that failing to reverse the ongoing effects of a tort restarts the period of limitations has no support in Illinois law — or in federal law either."); *see also United States v. Midwest Generation, LLC,* 720 F.3d 644, 648 (7th Cir. 2013) ("enduring consequences of acts that precede the statute of limitations are not independently wrongful").

Because Plaintiff's IIED claim against Defendant Officers is untimely, the Court dismisses Count VII with prejudice.

## II.     Failure to State a Claim

### A.     Procedural Due Process Claim — Count II

Next, Defendants move to dismiss Plaintiff's Fourteenth Amendment procedural due process claim as alleged in Count II under the federal pleading standards.  In his Complaint, Plaintiff alleges that Defendant Officers Wright and Nieman coached and coerced Smith into identifying him as the shooter and that Defendant Officers failed to properly investigate the Davis murder by following leads and investigating other possible suspects.  In his response brief, Plaintiff maintains that his procedural due process claim is based on his denial of a fair trial pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), because Defendant Officers manipulated identification and testimonial evidence.

The Seventh Circuit has "held that coercing or otherwise soliciting a witness to falsely incriminate a suspect during a criminal investigation does not violate any established constitutional rights — except perhaps the rights of the witness who is coerced."  *Fields v. Wharrie*, 740 F.3d 1107, 1117 (7th Cir. 2014) (citing *Buckley v. Fitzsimmons,* 20 F.3d 789, 794-97 (7th Cir. 1994)).  Nevertheless, "[i]f the suspect is charged, then failing to disclose the false statement's corrupt origins at trial violates his due-process right to a fair trial under the rule of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and knowingly using perjured testimony to convict him is a more general violation of his due-process right to a fair trial."  *Fields,* 740 F.3d at 1117.  Thus, Plaintiff's contention that Defendant Officers manipulated trial testimony falls under *Brady*'s protections.

5

Viewing Plaintiff's allegations as true, however, he has failed to sufficiently allege his *Brady* claim based on Defendant Officers' manipulation of evidence under the federal pleading standards. Plaintiff only refers to Smith's identification testimony in his Complaint stating that Defendant Officers coached and coerced Smith into identify him as the shooter. Plaintiff must allege more factual matter to give Defendant Officers notice of his claim and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555. Also, without any other facts, the Court cannot reasonably infer that Plaintiff's claim is plausible on its face. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court therefore grants Defendants' motion to dismiss Count II without prejudice. The Court also grants Plaintiff leave to file an Amended Complaint as to Count II keeping in mind counsel's Rule 11 obligations.

### B. Monell Claim — Count IV

In their motion to dismiss, Defendants argue that Plaintiff has not sufficiently alleged his *Monell* claim against Defendant City of Evanston under the federal pleading standards. To establish liability against Evanston, Plaintiff "must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012). Plaintiff can demonstrate this requirement through: (1) an actual official policy; (2) a practice or custom that, although not officially authorized, is widespread and well-established; or (3) a deliberate act from an Evanston employee with final policy-making authority. *See Gonzalez v. Village of West Milwaukee*, 671 F.3d 649, 664 (7th Cir. 2012).

Accepting Plaintiff's well-pleaded facts as true, Plaintiff has failed to provide "enough details about the subject-matter of the case to present a story that holds together" regarding Defendant Officers' conduct as it relates to a widespread practice or custom. *See Engel v. Buchan,* 710 F.3d 698, 709 (7th Cir. 2013) (citation omitted). Although Plaintiff sets forth general allegations for a failure to train and supervise claim pursuant to *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), and mentions photo line-ups and policies about investigations in his response brief, Plaintiff does not specify what alleged misconduct constitutes his *Monell* claim and the alleged customs or policies underlying his claim. Without more, Plaintiff has not put Defendant Evanston on notice of his *Monell* claim and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555. The Court therefore grants Defendants' motion to dismiss Plaintiff's *Monell* claim as alleged in Count IV without prejudice and grants Plaintiff leave to file an amended *Monell* claim with Rule 11 in mind.

### III. Supplemental Jurisdiction

Because the Court grants Plaintiff leave to amend his due process and *Monell* claims, the Court will not relinquish its supplemental jurisdiction over Plaintiff's indemnification claim in

Count V and malicious prosecution claim as alleged in Count VI at this time. *See Brooks v. Pactiv Corp.,* 729 F.3d 758, 768 (7th Cir. 2013).

**Dated:** April 16, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**