IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. BAMBERG, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 7650 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| CITY OF EVANSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court denies Defendants' motion to dismiss [24]. Defendants shall answer by 9/3/14. Parties are to meet and confer and file a joint discovery plan by 9/4/14. Status hearing set for 10/9/14 is stricken and reset to 9/8/14 at 8:30 a.m.

## STATEMENT

On May 6, 2014, Plaintiff John A. Bamberg filed the present four-count Amended Complaint against Defendants City of Evanston, Evanston police officers Wright and Nieman, and unknown Evanston police officers pursuant to the Court's original and supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1367(a). Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Defendants' motion.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters*

*Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014). "[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses," but "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Independent Trust Corp. v. Stewart Info. Serv. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012).

## BACKGROUND

On September 30, 2010, at approximately 10:00 p.m., someone shot and killed Marcus T. Davis while he was parked in his white Lincoln Town Car in Evanston, Illinois. (R. 19, Am. Compl. ¶ 5.) Davis' fiancé, Tawanda Smith, was seated in the passenger seat of the car during the incident. (*Id*.) At around 10:05 p.m. on that same day, an Evanston police officer, who is not a named Defendant in this lawsuit, arrived at the scene and observed Smith sitting over the top of Davis. (*Id*. ¶ 6.) Another Evanston police officer at the scene observed Smith screaming for help. (*Id*.) According to Bamberg, these officers' reports do not indicate that Smith stated the name of the shooter. (*Id*.)

Bamberg further alleges on information and belief the officers involved in the investigation of Davis' murder knew of a feud between two local Evanston families, namely, the Bamberg and Davis families. (*Id*. ¶¶ 7, 8.) As such, Bamberg maintains that the investigating officers focused their investigation on these two families, including Plaintiff. (*Id*. ¶¶ 8, 9.)

On October 1, 2010, at approximately 12:30 a.m., at Evanston Hospital, Defendant Officers Nieman and Wright showed Smith a photo line-up. (*Id*. ¶ 11.) In the first photo line-up, Smith did not identify Bamberg as the shooter, but instead identified a different person. (*Id*. ¶ 12.) Defendant Officers did not have Smith circle or initial the results of the first line-up nor did they conduct any follow-up on the individual Smith had identified. (*Id*.) Bamberg further alleges that after Defendant Officers discussed and coached Smith, she identified Bamberg from a second photo line-up. (*Id*. ¶ 13.) Bamberg alleges that the filler photographs from this second photo line-up did not contain any of the individuals from the first line-up and that the Defendant Officers showed Bamberg's photo twice. (*Id*. ¶ 14.) After the second photo line-up during which Smith identified Bamberg, she told friends that she did not know who shot Davis. (*Id*. ¶ 15.) At the grand jury hearing, Smith testified that when the police arrived on the scene she was screaming and yelling "It was Bird. Bird did it." (*Id*. ¶ 16.) Bamberg further alleges that Defendant Officers never followed up on this or any other leads and failed to investigate other possible suspects, and, on information and belief, only focused on Bamberg. (*Id*. ¶ 17.)

Defendant Officers Wright and Nieman arrested Bamberg on October 7, 2010. (*Id*. ¶ 25.) On October 10, 2010, he was charged with murder and attempted murder. (*Id*. ¶ 26.) Bamberg alleges that despite contradicting testimony, conflicting facts and statements, and Smith's misidentification of the lineup, Defendants continued to subject him to judicial proceedings without probable cause. (*Id*. ¶ 18.) Bamberg alleges that he was detained at the Cook County Department of Corrections for twenty-six months resulting from his false arrest based on

manipulated identification evidence. (*Id*. ¶¶ 28, 29.) On November 30, 2012, a Circuit Court of Cook County judge acquitted Plaintiff after a three-day bench trial. (*Id.* ¶ 31.)

In his Amended Complaint, Plaintiff alleges the following claims: (1) a Fourteenth Amendment due process claim against Defendant Officers (Count I); (2) a claim pursuant to *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), against Evanston (Count II); (3) an indemnification claim against Evanston (Count III); and (4) a malicious prosecution claim against Defendant Officers (Count VI).

**ANALYSIS**

**I.     Procedural Due Process Claim — Count I**

First, Defendants move to dismiss Plaintiff's Fourteenth Amendment procedural due process claim under the federal pleading standards. As discussed in the Court's prior order granting Defendants' motion to dismiss without prejudice, the Seventh Circuit has "held that coercing or otherwise soliciting a witness to falsely incriminate a suspect during a criminal investigation does not violate any established constitutional rights — except perhaps the rights of the witness who is coerced." *Fields v. Wharrie*, 740 F.3d 1107, 1117 (7th Cir. 2014) (citing *Buckley v. Fitzsimmons,* 20 F.3d 789, 794-97 (7th Cir. 1994)). Nonetheless, "[i]f the suspect is charged, then failing to disclose the false statement's corrupt origins at trial violates his due-process right to a fair trial under the rule of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and knowingly using perjured testimony to convict him is a more general violation of his due-process right to a fair trial." *Fields,* 740 F.3d at 1117.

Viewing Plaintiff's allegations as true, he has sufficiently alleged his *Brady* claim based on Defendant Officers' alleged manipulation of evidence prior to his arrest and failure to disclose the manipulated evidence at trial. Not only does Plaintiff refer to Smith's identification testimony stating that Defendant Officers coached and coerced Smith into identify him as the shooter, Plaintiff also alleges that Defendants targeted Plaintiff due to the feud between the Davis and Bamberg families. In sum, Plaintiff has alleged enough details "to present a story that holds together." *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010).

Nevertheless, Defendants argue that "case law heavily supports that once there is an acquittal, there is no basis for *Brady* claims." Recent case law, however, cuts both ways. *Compare Bianchi v. McQueen,* No. 12 C 0364, 2014 WL 700628, at *11 (N.D. Ill. Feb. 24, 2014)
*with Armour v. Country Club Hills,* No. 11 C 5029, 2014 WL 63850, at *4 (N.D. Ill. Jan. 8, 2014). Moreover, construing Plaintiff's allegations and all reasonable inferences as true, the fabricated evidence harmed Plaintiff before trial because the false identification evidence led to his arrest and criminal charges. *See Fields,* 740 F.3d at 1113. Therefore, the Court denies Defendants' motion to dismiss Count I of the Amended Complaint.

3

## II. Monell Claim — Count II

Next, in their motion to dismiss, Defendants argue that Plaintiff has not sufficiently alleged his *Monell* claim against Defendant City of Evanston under the federal pleading standards. To establish liability against Evanston, Plaintiff "must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012). Plaintiff can demonstrate this requirement through: (1) an actual official policy; (2) a practice or custom that, although not officially authorized, is widespread and well-established; or (3) a deliberate act from an Evanston employee with final policy-making authority. *See Gonzalez v. Village of West Milwaukee*, 671 F.3d 649, 664 (7th Cir. 2012).

Viewing Plaintiff's well-pleaded facts and all reasonable inferences in his favor, he alleges that Evanston police officers deprived him of his due process rights pursuant to a widespread practice, in conjunction with the North Regional Task Force, that includes the following: (1) not following all leads in homicide investigations; (2) attempting to link murders and shootings to the Bamberg-Davis feud; (3) providing overly suggestive lineups of suspects; (4) discarding exculpatory evidence or testimony benefitting a suspect; (5) failing to enforce Evanston's written policy regarding how to conduct homicide investigations; (6) failing to conduct neutral homicide investigations; (7) failing to enforce policies against officers who taint investigations; (8) failing to discipline officers involved in police misconduct; and (9) failing to supervise police officers. Plaintiff further alleges that this widespread practice was the moving force behind his constitutional deprivation.

Defendants attempt to attack the merits of Plaintiff's allegations concerning the suggestive line-up allegations. At this procedural posture, however, the Court looks to the allegations and whether they state a plausible claim for relief. Here, Plaintiff has sufficiently alleged his *Monell* claim giving sufficient facts to put Defendants on notice of his claim and the grounds upon which it rests. *See Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Further, despite Defendants' argument to the contrary, Plaintiff has sufficiently alleged a violation of his constitutional rights, namely, that Defendant Officers denied him his Fourteenth Amendment due process rights.

Next, Defendants argue that Plaintiff's *Monell* claim is time-barred because Plaintiff bases his *Monell* claim not only on the alleged due process violation, but on new allegations of false arrest and conspiracy. Because Plaintiff did not bring false arrest or conspiracy allegations within the two-year limitations period, he cannot use these claims as a basis of his *Monell* claim against Evanston. *See Woods v. IDCFS,* 710 F.3d 762, 768 (7th Cir. 2013); *see also Wallace v. Kato*, 549 U.S. 384, 397, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (limitations period of "§ 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process"); *Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008) ("conspiracy is not an independent basis of liability in § 1983 actions"). Plaintiff, however, can base his *Monell*

claim based on the alleged due process violation. Therefore, the Court denies Defendants' motion to dismiss Count II of the Amended Complaint.

### III.  Supplemental Jurisdiction

Because the Court denies Defendants' motion to dismiss Plaintiff's *Monell* and due process claims, the Court will not relinquish its supplemental jurisdiction over Plaintiff's indemnification claim in Count III and malicious prosecution claim as alleged in Count IV of his Amended Complaint. *See Brooks v. Pactiv Corp.,* 729 F.3d 758, 768 (7th Cir. 2013).

**Dated:** August 13, 2014

**AMY J. ST. EVE**
**United States District Court Judge**